IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | CASE NO. 3:19-CV-202-WKW |
| $96,318.00 IN UNITED STATES CURRENCY, | ) | [WO] |
| | ) | |
| Defendant. | ) | |

## **DECREE OF FORFEITURE**

Before the Court is the Government's motion for decree of forfeiture. (Doc. # 11.) For the reasons below, the motion is due to be granted.

On March 20, 2019, the United States filed a complaint alleging that the Defendant is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6), which provides for the seizure and forfeiture of all moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of 21 U.S.C. § 841(a) and all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of 21 U.S.C. § 841(a). (Doc. # 1.)

It appearing that process was fully issued in this action and returned according to law:

(1)  Pursuant to a Warrant for Arrest *In Rem* issued by this Court on March 25, 2019 (Doc. # 4), the United States Marshals Service for this District served the Defendant on March 29, 2019 (Doc. # 5).

(2)  On April 1, 2019, Brandon Clark was personally served by a deputy United States Marshal with copies of the Verified Complaint for Forfeiture *In Rem*, Notice of Complaint for Forfeiture against Personal Property, and Warrant of Arrest *In Rem*.  (Doc. # 6.)[1]

(3)  On April 4, 2019, Attorney William White was personally served by a deputy United States Marshal with copies of the Verified Complaint for Forfeiture *In Rem*, Notice of Complaint for Forfeiture against Personal Property, and Warrant of Arrest *In Rem*.  (Doc. # 7.)[2]

(4)  Notice of this civil forfeiture action was posted on an official government internet site (www.forfeiture.gov) for a period of 30 consecutive days, as evidenced by the Declaration of Publication filed with this Court on May 3, 2019.  (Doc. # 8.)

(5) On June 18, 2019, default was entered against Brandon Clark and all other persons and entities having an interest in the defendant for failure to answer or

---

[1] Brandon Clark consented to the forfeiture of the Defendant currency in the parallel criminal case (*U.S. v. Clark*, No. 3:18-cr-348-WKW, Doc. #27, p.4 ¶9).

[2] Attorney White was served out of an abundance of caution, as he is counsel for Brandon Clark in the parallel criminal case involving the Defendant currency. (*U.S. v. Clark*, No. 3:18-cr-348-WKW).  Attorney White has not filed a notice of appearance in this civil forfeiture case.

otherwise defend as provided for in the manner set forth in 18 U.S.C. § 983(a)(4)(A) and Supplemental Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (Doc. #10.)

(6) No other claim or answer has been filed on behalf of any other party. Therefore, on motion of the United States for a Decree of Forfeiture and for good cause shown, it is ORDERED as follows:

The motion for decree of forfeiture (Doc. # 11) is GRANTED. The Defendant $96,318.00 in United States currency is hereby forfeited to the United States, to be disposed of according to law, and no right, title or interest in the Defendant shall exist in any other party.

DONE this 25th day of June, 2019.

                                                       /s/ W. Keith Watkins
                                            UNITED STATES DISTRICT JUDGE